UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MERIDIAN HORIZON FUND, LP, MERIDIAN :
HORIZON FUND II, LP, MERIDIAN :
DIVERSIFIED FUND, LP, MERIDIAN :
DIVERSIFIED FUND, LTD., MERIDIAN : No. 09 Civ. 3708 (TPG)
DIVERSIFIED ERISA FUND, LTD., MERIDIAN :
DIVERSIFIED COMPASS FUND, LTD. and :
MERIDIAN ABSOLUTE RETURN ERISA :
FUND, LTD., :
　 :
         Plaintiffs, : ECF CASE
　 : Electronically Filed
  v. :
　 :
TREMONT GROUP HOLDINGS, INC., :
TREMONT PARTNERS, INC., TREMONT :
(BERMUDA) LIMITED, OPPENHEIMER :
ACQUISITION CORPORATION, KPMG LLP, :
and KPMG (CAYMAN), :
　 :
         Defendants. :
------------------------------------------------------------- x

## DEFENDANT OPPENHEIMER ACQUISITION CORP.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

William K. Dodds
Robert W. Topp
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599

David A. Kotler
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Oppenheimer Acquisition Corp.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT..................................................................................................................................2

    A.    Plaintiffs Do Not Plead Sufficiently The Necessary Element Of
         Culpable Participation......................................................................................2

    B.    Plaintiffs Fail To Plead That OAC Controlled A Primary Violator And The
         Transactions At Issue......................................................................................4

CONCLUSION...............................................................................................................................8

13532683

# TABLE OF AUTHORITIES

*Boguslavsky v. Kaplan*,
   159 F.3d 715 (2d Cir. 1998) ................................................................................................2

*Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*,
   735 F. Supp. 587 (S.D.N.Y. 1990) ....................................................................................6, 7

*Coronel v. Quanta Capital Holdings Ltd.*,
   07 Civ. 1405, 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009) .................................................2

*Cromer Fin. Ltd. v. Berger*,
   137 F. Supp. 2d 452 (S.D.N.Y. 2001) ..................................................................................5

*Dietrich v. Bauer*,
   126 F. Supp. 2d 759 (S.D.N.Y. 2001) ..................................................................................3

*Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*,
   551 F. Supp. 2d 210 (S.D.N.Y. 2008) ..................................................................................4

*In re Alstom SA Sec. Litig.*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005) ..................................................................................4

*In re Global Crossing, Ltd. Sec. Litig.*,
   02 Civ. 910, 2005 WL 1875445 (S.D.N.Y. Aug. 5, 2005) ................................................6, 7

*In re Livent, Inc. Sec. Litig.*,
   148 F. Supp. 2d 331 (S.D.N.Y. 2001) ...............................................................................3, 4

*In re Livent, Inc. Sec. Litig.*,
   78 F. Supp. 2d 194 (S.D.N.Y. 1999) ....................................................................................5

*In re Parmalat Sec. Litig.*,
   375 F. Supp. 2d 278 (S.D.N.Y. 2005) ......................................................................3, 5, 6, 7

*In re Refco, Inc. Sec. Litig.*,
   503 F. Supp. 2d 611 (S.D.N.Y. 2007) ..................................................................................4

*In re Scottish Re Group Sec. Litig.*,
   524 F. Supp. 2d 370 (S.D.N.Y. 2007) ..................................................................................2

*In re Worldcom, Inc. Sec. Litig.*,
   294 F. Supp. 2d 392 (S.D.N.Y. 2003) ..................................................................................3

*Kalin v. Xanboo, Inc.*,
   526 F. Supp. 2d 392 (S.D.N.Y. 2007) ..................................................................................2

*Katz v. Image Innovations Holdings, Inc.*,
  542 F. Supp. 2d 269 (S.D.N.Y. 2008) ............................................................................... 5

*Mishkin v. Ageloff*,
  97 Civ. 2690, 1998 WL 651065 (S.D.N.Y. Sept. 23, 1998) ............................................ 3, 4

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
  592 F. Supp. 2d 608 (S.D.N.Y. 2009) ............................................................................... 4

*Pollack v. Laidlaw Holdings, Inc.*,
  90 Civ. 5788, 1995 WL 261518 (S.D.N.Y. May 3, 1995) ............................................. 6, 7

*Rich v. Maidstone Fin., Inc.*,
  98 Civ. 2569, 2002 WL 31867724 (S.D.N.Y. Dec. 20, 2002) ....................................... 6, 7

*Rochez Bros., Inc. v. Rhoades*,
  527 F.2d 880 (3d Cir. 1975) .............................................................................................. 6

*SEC v. First Jersey Sec., Inc.*,
  101 F.3d 1450 (2d Cir. 1996) ........................................................................................ 2, 3

*Sedona Corp. v. Ladenburg Thalmann & Co.*,
  03 Civ. 3120, 2009 WL 1492196 (S.D.N.Y. May 27, 2009) ............................................ 2

## CONGRESSIONAL AUTHORITIES

73d Cong. 6571 (1934) ................................................................................................................ 5

78 Cong. Rec. 8094 (1934) .......................................................................................................... 5

S. Rep. No. 73-47 (1933) ............................................................................................................. 6

S. Rep. No. 73-85 (1933) ............................................................................................................. 6

H.R. Rep. No. 73-152 (1933) ...................................................................................................... 6

## OTHER AUTHORITY

Jeff G. Hammel & Robert J. Malionek, *Elusive Standard To Plead §20(a) Control Person Liability*, N.Y.L.J., Mar. 5, 2007 ......................................................................................... 2

13532683

## PRELIMINARY STATEMENT

What is evident from the Complaint[1] and Plaintiffs' attempts to defend it is that Defendant Oppenheimer Acquisition Corp. ("OAC") is included in this action not because Plaintiffs have any knowledge, or any true basis to believe, that OAC was involved in any way in the underlying conduct of which they complain, but because it happens to be Tremont Group's parent company. Plaintiffs hope to survive OAC's motion to dismiss on this scant basis in order to exploit a disruptive and expensive discovery process as a means to extract a settlement from OAC, regardless of its non-complicity in the alleged fraud. This strategy should not be rewarded. The law in this District is clear that more is required of a securities fraud complaint alleging a Section 20(a) claim than allegations of a mundane parent-subsidiary relationship.

As discussed in OAC's opening brief and below, because Plaintiffs have failed to state a Section 20(a) claim against OAC, the Complaint should be dismissed in its entirety as against OAC. First, the large majority of courts in this District require the pleading of culpable participation as part of a Section 20(a) claim. Plaintiffs admittedly make no attempt to plead culpable participation and offer no salient reason for this Court to disregard the majority view in this District. *See* Point I, *infra*. Second, Plaintiffs fail to allege that OAC had actual control over the transactions underlying the Section 20(a) claim, as they must in accordance with the pleading requirements articulated by most courts in this District. Plaintiffs' allegations merely indicating the existence of a mundane parent-subsidiary relationship are not sufficient. *See* Point II, *infra*.[2]

Although Plaintiffs undoubtedly hope to find as many pockets as possible from which to recover their losses from the crimes committed by Bernard Madoff, the bad facts of Madoff's Ponzi scheme are not reason for this Court to find that Plaintiffs can state a Section 20(a) claim

---

[1] Capitalized terms used herein shall have the same meanings attributed to them as in OAC's opening brief (the "OAC Br.").

[2] Plaintiffs have also failed to plead a sustainable Section 20(a) claim for failure to plead a primary violation of Section 10(b) or Rule 10b-5 by any of the Tremont Defendants. *See* Tremont Defendants Br. at Point I; Tremont Defendants Reply Br. at Point I.

in the absence of well-pled allegations of culpable participation and actual control. Plaintiffs' Section 20(a) claim as against OAC should properly be dismissed as a matter of law.

## ARGUMENT

In disregard of the predominant view in this District, Plaintiffs argue that they are not required to plead either culpable participation or actual control of the alleged fraudulent transactions at issue as part of their Section 20(a) claim. As discussed both in OAC's opening brief and below, Plaintiffs are wrong on both counts. Both culpable participation and actual control over the relevant transactions are required elements of a Section 20(a) claim that must be sufficiently pled for such a claim to survive a motion to dismiss.

### A. Plaintiffs Do Not Plead Sufficiently The Necessary Element Of Culpable Participation

Asking this Court to reject the necessity of pleading culpable participation, as Plaintiffs urge, requires the rejection of the prevailing view in this District. The great majority of courts in this District repeatedly have interpreted Section 20(a) to require that a plaintiff asserting a Section 20(a) claim <u>must</u> plead sufficiently culpable participation to survive a motion to dismiss. *See* OAC Br. at 13-17 (citing cases); *Sedona Corp. v. Ladenburg Thalmann & Co.*, 03 Civ. 3120, 2009 WL 1492196, at *8 (S.D.N.Y. May 27, 2009); *Coronel v. Quanta Capital Holdings Ltd.*, 07 Civ. 1405, 2009 WL 174656, at *24 (S.D.N.Y. Jan. 26, 2009); *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 407 (S.D.N.Y. 2007); *In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370, 386 (S.D.N.Y. 2007); *see also* Jeff G. Hammel & Robert J. Malionek, *Elusive Standard To Plead §20(a) Control Person Liability*, N.Y.L.J., Mar. 5, 2007, at 4 n.3 (at time of article, seventeen of twenty Southern District judges to rule on issue had held that a plaintiff must plead culpable participation). Plaintiffs ignore this long line of cases, all of which similarly interpret the Second Circuit's decisions in *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996) and *Boguslavsky v. Kaplan*, 159 F.3d 715 (2d Cir. 1998), as requiring the pleading of culpable participation.

13532683

Instead, in their Opposition Brief ("Opp. Br."), Plaintiffs urge this Court to follow the opinion of a small minority of judges in this District concerning the pleading of culpable participation. *See* Opp. Br. at 6-9. This minority view contends that *First Jersey* and *Boguslavsky* did not address the pleading requirements of a Section 20(a) claim, but instead set up a framework where the issue of culpable participation is raised through a good faith affirmative defense, with the burden on the defendant to establish good faith once a plaintiff has established a *prima facie* case. Therefore, these courts, and Plaintiffs, contend that culpable participation is necessary to prove a Section 20(a) claim but not to plead a Section 20(a) claim. *See* Opp. Br. at 7-8 (citing, *inter alia, In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 308 (S.D.N.Y. 2005) and *In re Worldcom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 415 (S.D.N.Y. 2003)).

However, this argument already has been addressed and rejected by the predominant line of cases in this District, which have held that culpable participation is a Section 20(a) pleading requirement. *See, e.g., In re Livent, Inc. Sec. Litig.*, 148 F. Supp. 2d 331, 354 (S.D.N.Y. 2001); *Dietrich v. Bauer*, 126 F. Supp. 2d 759, 764 (S.D.N.Y. 2001); *Mishkin v. Ageloff*, 97 Civ. 2690, 1998 WL 651065, at *22-26 (S.D.N.Y. Sept. 23, 1998). The minority argument disregards the fact that *First Jersey* clearly included culpable participation as an element of a *prima facie* Section 20(a) case. 101 F.3d at 1472 ("[i]n order to establish a prima facie case of controlling-person liability, a plaintiff must show . . . that the controlling person was 'in some meaningful sense a culpable participant in the fraud perpetrated by the controlled person.'") (citation omitted). Indeed, there is nothing inconsistent between the many decisions that recognize that culpable participation is a pleading requirement and *First Jersey*'s adherence to the shifting of the burden to the defendant to prove good faith.[3] As the court in *Livent* stated:

---

[3] The present motion does not require the Court to reach the question of whether the burden to prove good faith or culpable participation lays with the defendant, and OAC respectfully preserves its right to argue that the Second Circuit's decisions shifting the burden of proof to defendants are inconsistent with the language of Section 20(a), should that issue ever become ripe in this case.

3

13532683

> [T]his Court cannot ignore [the culpable participation pleading element], especially in light of the Second Circuit's subsequent affirmations of the same standard. Nothing precludes such a burden-shifting scheme, and however unusual it may be to require the plaintiff to plead an element that, at trial, the defendant bears the burden to disprove, reading *First Jersey* this way reconciles the apparent inconsistency.

148 F. Supp. 2d at 354; *see also Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*, 551 F. Supp. 2d 210, 231 (S.D.N.Y. 2008); *Mishkin*, 1998 WL 651065, at *24. Plaintiffs offer no new rationale for why the predominant rule in this District, requiring the pleading of culpable participation to state a Section 20(a) claim, should not be followed.

Plaintiffs concede that they have not pled culpable participation at all and request leave to amend their Complaint to add allegations of culpable participation similar to those alleged in the Securities Actions in *In re Tremont Securities Law, State Law and Insurance Litig.*, Master File No. 08 Civ. 11117, should the Court rule that such allegations are sufficient to plead culpable participation. *See* Opp. Br. at 9 n.5. Leave to amend should be denied. As discussed in OAC's briefs in support of its motion to dismiss the Securities Actions, the amended complaint in the Securities Actions woefully fails to allege facts sufficient to plead culpable participation.[4] Nor have Plaintiffs provided any reason why they should be given another opportunity to conform to the majority rule on this patent pleading issue.

### B. Plaintiffs Fail To Plead That OAC Controlled A Primary Violator And The Transactions At Issue

As detailed in OAC's opening brief, to allege "control," Plaintiffs must provide facts sufficient to show that OAC had "actual control" not only over the primary violator, but also over the transaction in question. *See* OAC Br. at 8-10 (citing cases); *accord Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F. Supp. 2d 608, 637 n.204 (S.D.N.Y. 2009); *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 663 (S.D.N.Y. 2007); *In re*

---

[4] *See* Defendant Oppenheimer Acquisition Corp.'s Memorandum of Law in Support of Its Motion to Dismiss the Consolidated and Amended Class Action Complaint, dated May 20, 2009, at 13-17; Defendant Oppenheimer Acquisition Corp.'s Reply Memorandum of Law in Further Support of Its Motion to Dismiss the Consolidated and Amended Class Action Complaint, dated Aug. 14, 2009, at 4-8.

*Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 484 (S.D.N.Y. 2001); *In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 221 (S.D.N.Y. 1999). In arguing that they have sufficiently pled control, Plaintiffs ignore this requirement, which has been upheld by the majority of courts in this District, and again set forth a lesser standard of control articulated by a minority of courts. *See* Opp. Br. at 10 (citing *Katz v. Image Innovations Holdings, Inc.*, 542 F. Supp. 2d 269, 276 (S.D.N.Y. 2008) and *Parmalat*, 375 F. Supp. 2d at 310). But, Plaintiffs again do not articulate any reason to reject the view followed by the majority of courts in the Southern District of New York.

Indeed, the minority view embraced by Plaintiffs should be rejected here because a pleading standard that allows control to be pled by merely setting forth facts indicating that the defendant was a majority owner of a primary violator, without any allegations connecting that defendant with the alleged fraudulent conduct or even the day-to-day activities of the primary violator, would be contrary to the purpose of Section 20(a). Section 20(a) was not intended to hold legitimate parent companies strictly liable for the activities of their independently operated subsidiaries. Rather, Section 20(a) was enacted to prevent fraudsters from creating shell corporations as a means to avoid primary liability for their frauds. As Thomas Corcoran, one of the principal drafters of the Exchange Act, stated in testimony before Congress, "the purpose of [§ 20(a)] is to prevent evasion of the provisions of the section [e.g., securities fraud] by organizing dummies who will undertake the actual things forbidden by the section." *Hearings before the Comm. on Banking and Currency, U.S. Senate on S. Res. 84 (72d Cong.) and S. Res. 56 and S. Res. 97 (73d Cong)*, 73d Cong. 6571 (1934) (statement of Thomas G. Corcoran); *see also* 78 Cong. Rec. 8094 (1934) ("[t]he man who stands behind the scenes and dominates the dummy" is the individual "who ought to be responsible because he is the real party in interest.") (statement of Clarence Lea). Indeed, courts have rejected the idea that Section 20(a) was enacted

13532683

to require controlling persons to act as insurers for the wrongful deeds of another. *See, e.g., Rochez Bros., Inc. v. Rhoades*, 527 F.2d 880, 885 (3d Cir. 1975).[5]

Under the prevailing view in this District, which this Court should follow, Plaintiffs have not sufficiently pled control because they have not alleged a single fact indicating OAC's actual control of the transactions at issue, i.e., the making of allegedly deceptive and false statements by the Tremont Defendants to the Plaintiffs. *See* Compl. ¶¶ 123-24. Plaintiffs' Opposition Brief contends that the Complaint sets forth four factual allegations that purportedly indicate control:

- OAC's 100% ownership of Tremont Group;
- OAC allegedly provided support services to Tremont;
- OAC allegedly directed Tremont to change its auditors; and
- OAC placed one of its senior executives on the Tremont Group board.

Opp. Br. at 13. As discussed in OAC's opening brief, not one of these four factual allegations avers control of the allegedly false statements that underlie the primary violation upon which Plaintiffs' Section 20(a) claim against OAC is based. *See* OAC Br. at 10-13. And, Plaintiffs make no attempt in their Opposition Brief to connect these allegations to the allegedly false statements by Tremont about which they complain.

Instead, the Opposition Brief concentrates on Plaintiffs' allegation that OAC is the 100% shareholder of Tremont Group, arguing that this alone is sufficient to allege control under Section 20(a). *See* Opp. Br. at 11-14. However, none of the four cases Plaintiffs cite for this proposition analyzed the question of control under the prevailing view in this District that a plaintiff must allege facts sufficient to show actual control over the transaction in question.[6] *In*

---

[5] Prior to passage of the Exchange Act, the Senate favored a plan of "insurer's liability" standard, *see* S. Rep. No. 73-47, at 5 (1933), while the House of Representatives proffered a "fiduciary standard" imposing a duty of due care. *See* H.R. Rep. No. 73-85, at 5 (1933); H.R. Rep. No. 73-152, at 26 (1933). The adoption of the House version indicates that Congress did not intend the statute to require controlling persons to act as insurers for the wrongful deeds of others. *See Rochez Bros*, 527 F.2d at 885.

[6] The four cases are: *Rich v. Maidstone Fin., Inc.*, 98 Civ. 2569, 2002 WL 31867724, at *12 (S.D.N.Y. Dec. 20, 2002), *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 735 F. Supp. 587, 590-91 (S.D.N.Y. 1990), *Parmalat*, 375 F. Supp. 2d at 310, and *Pollack v. Laidlaw Holdings, Inc.*, 90 Civ. 5788, 1995 WL 261518, at *18 (S.D.N.Y. May 3, 1995).

13532683

*re Global Crossing, Ltd. Sec. Litig.*, 02 Civ. 910, 2005 WL 1875445, at *4 (S.D.N.Y. Aug. 5, 2005), which Plaintiffs also cite, does apply the prevailing standard, but notably does not hold that allegations of majority ownership are sufficient to plead control. In fact, that court stated that "[t]he mere existence of a parent/subsidiary relationship may be an insufficient basis from which to infer control for allegations of Section 15 liability." *Id.*[7]

Moreover, each of the cases cited by Plaintiffs contains far more indicia of control than Plaintiffs allege here. In *Borden*, the plaintiffs alleged that the parent entities, in addition to being successive sole shareholders of the primary violator, had loaned money to members of the class and had knowledge of payments made to the primary violator, the failure of which to disclose formed the basis of the action. 735 F. Supp. at 588, 590-91. Similarly, in *Pollack*, there also were allegations of extensive overlap of officers and directors between the parent entity and its two subsidiaries well beyond what is alleged here -- there, all six individual defendants in the action served as both officers and/or directors of the parent and at least one of the subsidiaries, including the CEO of the parent company who was also alleged to be a primary violator. 1995 WL 261518, at *4, 18. Finally, in *Parmalat*, the court permitted control person allegations to proceed against parent entities for two accounting firms because the court found that sufficient facts were pled to show that the subsidiary accounting firms were agents of the parents, acting on authority of and with the consent of the parent entities for the parents' benefit, including with respect to the auditing work at issue in that case. 375 F. Supp. 2d at 290-95, 299-301, 310.[8]

Here, in contrast, all that Plaintiffs have alleged with respect to OAC is indirect majority ownership of Tremont Partners, one OAC senior executive who also served as a director on one of the Tremont entities' board of directors, OAC's involvement with the selection of Tremont's

---

[7] The same analysis governs the issue of control under both Section 15 of the Securities Act and Section 20(b) of the Exchange Act. *See* OAC Br. at 10 n.9.

[8] The final case Plaintiffs cite for this proposition, *Rich*, does not address a parent-subsidiary relationship. Instead, the plaintiffs in *Rich* brought a control person claim against the individual majority shareholder of a broker-dealer firm alleged to have engaged in securities fraud. *Rich*, 2002 WL 31867724, at *1, 12. As discussed above, this is exactly the type of situation that Section 20(a) was designed to address.

13532683

auditor and the provision of support services to Tremont. *See* Opp. Br. at 13. Plaintiffs have not alleged any overlapping officers, any involvement by OAC with the day-to-day activities of the Tremont entities or, most importantly, any involvement with the type of investment activities that give rise to this action. The allegations in the Complaint demonstrate only that OAC's relationship with the Tremont entities was a typical relationship one would expect between a parent and a subsidiary. Therefore, even viewing Plaintiffs' allegations in their totality, they are insufficient to demonstrate control not only under the prevalent pleading standard in this District concerning control, but also under any view of what is required to plead control.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its opening brief, Defendant Oppenheimer Acquisition Corp. respectfully submits that its motion to dismiss the Complaint should be granted in its entirety.

Dated: New York, New York
August 14, 2009

                DECHERT LLP

                By:   /s/ William K. Dodds
                William K. Dodds (william.dodds@dechert.com)
                Robert W. Topp (robert.topp@dechert.com)
                1095 Avenue of the Americas
                New York, New York 10036
                Tel.: (212) 698-3500
                Fax: (212) 698-3599

                David A. Kotler (david.kotler@dechert.com)
                902 Carnegie Center, Suite 500
                Princeton, New Jersey 08540
                Tel.: (609) 955-3200
                Fax: (609) 955-3259

                *Attorneys for Oppenheimer Acquisition Corp.*