UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
                                                :
MERIDIAN HORIZON FUND, L.P., et al.,            :
                                                :
                        Plaintiffs,             :        09 Civ. 3708
                                                :
            v.                                   :        **OPINION**
                                                :
TREMONT GROUP HOLDINGS, INC.,                   :
                                                :
                        Defendant.              :
                                                :
                                                :
                                                :
                                                :
------------------------------------------------x
```

Defendant Oppenheimer Acquisition Corp. moves for reconsideration of this Court's September 14, 2012 opinion which denied defendants' motions to dismiss.  In that opinion, the court omitted to include the necessary analysis of the position of Oppenheimer.  Therefore, the motion for reconsideration is granted.

The court now rules that the case against Oppenheimer is dismissed.

**The Complaint**

The September opinion set out the allegations in plaintiffs' complaint in great detail and there is no need to recapitulate them all here.  As to

1

Oppenheimer, the court correctly summarized the relevant allegations in the complaint, which are as follows:

Oppenheimer, the corporate parent of Tremont Holdings, has been sued on a control person theory, based on allegations that it had the power to control Tremont Holdings and its subsidiaries through its 100% ownership of Tremont Holdings, its provision of support services to Tremont Holdings (such as compliance, audit, finance, and human resources), and Oppenheimer's ability to place its own President on Tremont Holdings' Board of Directors.  Plaintiffs also allege that Oppenheimer controlled the Tremont Defendants because Oppenheimer directed the Tremont Defendants to change auditors from Ernst & Young to KPMG, which Oppenheimer engaged for its subsidiaries' audit work.

The problem is that the court did not go on to analyze whether these allegations are legally sufficient.

## Discussion

Section 20(a) of the Exchange Act governs control-person liability for securities violations:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person

> acted in good faith and did not directly or indirectly induce the act
> or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a).  The present issue relates to the language's exception for a control person who "acted in good faith and did not directly or indirectly induce the act."  Plaintiffs effectively concede that if this language is read to require that a plaintiff *plead* the defendants' culpable participation as well as their control, then their complaint against Oppenheimer is deficient.  If, on the other hand, this language requires good faith or lack of inducement to be pled as affirmative defenses then the complaint may be sufficient.

The court believes that the Second Circuit resolved this question when it wrote:

> In order to establish a *prima facie* case of liability under § 20(a), a plaintiff must show: (1) a primary violation by a controlled person; (2) control of the primary violator by the defendant; and (3) that the controlling person was in some meaningful sense a culpable participant in the primary violation.

Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998).  See In re Corning, Inc. Sec. Litig., 349 F. Supp. 2d 698, 722 (S.D.N.Y. 2004).  As thus interpreted, § 20(a) requires that a plaintiff plead facts showing the defendant's culpable participation.

Plaintiffs point out, correctly, that some courts of the Southern District of New York disagree that the law of the Second Circuit truly requires a plaintiff to plead culpable participation.  They take the view that the language in

Boguslavsky is dictum and that, though even dicta from the Second Circuit are typically enough to bind the district courts, this requirement is so contrary to the language of the statute that it should not be followed.

Although the requirement has indeed only been articulated in dicta, it is clearly worded and has been reiterated without reservation in at least five recent Second Circuit opinions: See, e.g. In re Lehman Bros. Mortgage-Backed Sec. Litig., 650 F.3d 167, 186 (2d Cir. 2011); ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007); Ganino v. Citizens Utilities Co., 228 F.3d 154, 170 (2d Cir. 2000); Boguslavsky, 159 F.3d at 720; S.E.C. v. First Jersey Sec., Inc., 101 F.3d 1450, 1472 (2d Cir. 1996).  Therefore, this court regards the need for a plaintiff to plead "culpable participation" to be the law of the Second Circuit.

Given this conclusion, plaintiffs' complaint should be dismissed as to Oppenheimer for failure to plead culpable participation.

Plaintiffs request leave to amend the complaint as to Oppenheimer in the event of dismissal of the current pleading.  Leave to amend is granted to give plaintiffs the opportunity to properly plead a case against Oppenheimer if they can.

4

So ordered.

Dated: New York, New York
December 11, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 11, 2012

Thomas P. Griesa
U.S. District Judge